```
             IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF PENNSYLVANIA
BARRY M ROTHMAN, individually and   :
as representative of a class of     :
Plaintiffs similarly situated       : C.A. No.: 2:15-CV-02668
118 Poplar Court                    :
Collegeville, PA 19426              :
vs.                                 :
EXPRESS SCRIPTS HOLDING COMPANY     :
and                                 :
EXPRESS SCRIPTS ADMINISTRATORS,     :
LLC and                             :
EXPRESS SCRIPTS INFUSION SERVICES   :
and                                 :
EXPRESS SCRIPTS PHARMACY, INC.      :
and                                 :
EXPRESS SCRIPTS SALES DEVELOPMENT   :
CO. and                             :
EXPRESS SCRIPTS SERVICES COMPANY    :
and                                 :
EXPRESS SCRIPTS, INC.               :
1 Express Way                       :
St. Louis, MO 63121                 :
```

                        AMENDED COMPLAINT
                 JURY TRIAL OF 12 PERSONS DEMANDED

PARTIES:

    1.  The Plaintiff, Barry M. Rothman, (hereinafter referred to as "Rothman" is an adult individual residing at the above address suing in his individual capacity and as representative of the class of Plaintiffs similarly situated.

    2.  The Defendants, Express Scripts Holding Company, Express Scripts Administrators, LLC, Express Scripts Infusion Services, Express Scripts Pharmacy, Inc., Express Scripts Sales Development Co., Express Scripts Services Company, and Express Scripts, Inc., are business corporations and/or companies organized and existing

1

under the laws of a state other than the Commonwealth of Pennsylvania and who regularly and routinely conduct business within the Commonwealth of Pennsylvania and County of Montgomery, with their regular place of business at the above address.

JURISDICTION AND VENUE:

    3.    Jurisdiction is predicated upon any and/or of the following statutes:

    a.    28 U.S.C. §1331 Federal Question

    b.    28 U.S.C. §1332 Diversity of Citizenship

    c.    28 U.S.C. §1367 Supplemental Jurisdiction

    4.    Venue is proper in this district under 28 U.S,C. §1391.

CLASS ACTION ALLEGATIONS:

    5.    The class is so numerous that joinder of all members is impracticable.

    6.    There are questions of law or fact common to the class.

    7.    The claims or defenses of the representative party are typical of the claims or defenses of the class.

    8.    The representative party will fairly and adequately assert and protect the interests of the class.

    9.    A class-action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in F.R.Civ.P. 23.

    10.    Presenting separate actions by individual class members would create a risk of inconsistent or varying adjudications with

respect to individual class members that would establish incompatible standards of conduct for the Defendants.

11. Prosecuting separate actions by individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members and parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

12. The Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

FACTS:

13. The Defendants, individually and or working together, provide an international pharmacy operating under the trade name "Express Scripts" whereby they dispense drugs to patients throughout the world, and in particular, the United States of America.

14. The Defendants, acted or failed to act through their agents, servants, workman and/or employees.

15. The Defendants are under contract with the United States Department of Defense to provide pharmacy services to service members of the armed services, reservists and national guardsmen and military retirees throughout the United States and world

through the Department of Defense program known as "Tricare".

16. The Plaintiff, Rothman, is a military retiree after having served 22 1/2 years in various branches of the service and as such is entitled to lifetime medical benefits under the program known as "Tricare".

17. The Plaintiff is and has been a beneficiary of this program for some years under which he has received prescription drugs which are lifesaving and required for his health and well being.

18. Certain prescription drugs dispensed by the Defendants require a nominal co-pay which is invoiced to the Plaintiff at the time it is mailed in the same package.

19. One of the benefits of this prescription plan is that the beneficiary can receive a three month supply of required prescription drugs and incur only one co-pay rather than three.

20. The Plaintiff has promptly paid and remitted to the Defendants all co-pay charges which have been processed and paid by the Plaintiff's bank.

21. The Defendants have received all payments as evidenced by the documentation of their processing through the Plaintiff's bank.

22. The Defendants immediately put checks it receives in for collection but does not keep any record of what invoices of which each check is in payment.

23. The Defendants have repeatedly sent statements to the

4

Plaintiff of outstanding amounts due through the United States mail.

24. The Plaintiff has repeatedly responded to the Defendants' statements with records and correspondence documenting the errors in its statements and communications.

25. On or about March 30, 2015, the Defendants suspended all prescription drug benefits to the Plaintiff on the grounds that an outstanding balance of $58.00 is overdue for a period in excess of 90 days. See Exhibit "A" attached to the Plaintiff's state court Complaint.

26. The Plaintiff believes and therefore avers that the Defendants intentionally set up a system which does not document payments of invoices in order to extort monies to which it is not entitled from patients in need of their prescription drugs.

I: DECLARATORY JUDGMENT

27. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26 above as though the same were more fully set forth herein at length.

WHEREFORE, the Plaintiff prays this Honorable Court to enter its declaratory judgment that no amounts are due the Defendants and that the Defendants have no grounds to suspend the Plaintiff's willprescription drug coverage together with an award of attorney's fees and the costs of this action.

II: EQUITABLE RELIEF

28. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 above as though the same were more fully set forth herein at length.

29. Unless the court intervenes with its equitable powers permanent and irreparable damage can ensue to the Plaintiff.

30. No adequate remedy at law exists to promptly provide prescription drug coverage to the Plaintiff during the pendency of this litigation with the co-pay will benefit to which the Plaintiff is entitled.

WHEREFORE, the Plaintiff prays this Honorable Court to enter its order enjoining the Defendant from suspending the Plaintiff's prescription drug coverage during the pendency of this action.

III: UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

31. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 as though the same were more fully set forth here in at length.

32. The above described conduct by the Defendant constituted violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 P.S. § 201-1 et seq. by:

(a) causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of its services;

(b) using deceptive representations in connection with its services;

(c) representing that it services had characteristics, usage or benefits which they did not have;

(d) representing that it services are of a particular standard, quality or grade when they were of another; and

(e) engaging in fraudulent conduct which creates a likelihood of misunderstanding.

WHEREFORE, the Plaintiff prays this Honorable Court to enter judgment against the Defendant for compensatory and treble damages, and an award of reasonable counsel fees, plus interest and costs of this action.

IV: RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

33. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 above as though the same were more fully set forth herein at length.

34. The Defendants have on more than two occasions sent by United States mail statements and or letters demanding payment for debts not due.

35. The repeated use by the Defendants of the United States mail to send false and misleading correspondence to collect debts not do are in furtherance of their scheme to defraud.

36. The correspondence and statements sent by the Defendants involve misrepresentations as to past or present existing facts.

37. As a result of the Defendants' conduct the Plaintiff has been and is being deprived of benefits earned by virtue of his

military service.

WHEREFORE, the Plaintiff, individually and on behalf of of the class of Plaintiffs similarly situated, demands judgment against the Defendants for all payments made by beneficiaries for prior bills which had already been paid, plus treble damages together with reasonable counsel fees and the costs of this action.

V: COMMON-LAW FRAUD

38. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 37 above as though the same were more fully set forth herein at length.

39. The above described conduct constitutes common-law fraud and deceit.

WHEREFORE, the Plaintiff, individually and on behalf of of the class of Plaintiffs similarly situated, demands judgment against the Defendants for all payments made by beneficiaries for prior bills which had already been paid, punitive damages and reasonable counsel fees and the costs of this action.

VI: CLASS-ACTION PLAINTIFFS

40. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39 above as though the same were more fUlly set forth here in at length.

41. Numerous class members over paid charges from the Defendants in order to prevent the loss of their prescription drug coverage.

42. The Defendants maintain records of their customers who, when contacted, can identify the amounts of their overcharges.

WHEREFORE, on behalf of the class, the Plaintiff, demands judgment against the Defendants and avers that the amount in controversy is in excess of Fifty Thousand Dollars ($50,000.00) plus interest and the costs of this action.

BARRY M. ROTHMAN, P.C.

DATED: May 21, 2015  By:_____
BARRY M. ROTHMAN
ID #: 28035
118 Poplar Court
Collegeville, PA 19426
610-579-9408